NESTLER v. GERMANIA FIRE INS. CO.

(Supreme Court, Appellate Term.  December 7, 1904.)

1. INSURANCE—FORFEITURE—CO-INSURANCE.

Where assured had obtained insurance to the extent of 175 per cent. of the cash value of his property at the time he obtained the policy in question from defendant, and afterwards procured other insurance without defendant's permission indorsed on or added to defendant's policy, such act authorized a forfeiture for violation of the co-insurance clause.

2. SAME—WAIVER.

An 80 per cent. average or co-insurance clause contained in a fire policy did not constitute a waiver of a forfeiture incurred by assured in obtaining other insurance beyond the 80 per cent. without insurer's permission indorsed on or added to the policy.

Appeal from City Court of New York, Special Term.

Action by Jacob Nestler against the Germania Fire Insurance Company.  From a judgment in favor of defendant (89 N. Y. Supp. 782), plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDER-SLEEVE, JJ.

Morris A. Hayman, for appellant.

C. F. Schieck, for respondent.

PER CURIAM.  This action was brought to recover from the defendant its proportion of the loss by fire sustained by the plaintiff on certain property insured by the defendant.  The court below dismissed the complaint on the merits, and the plaintiff appeals to this court.

The fact is that at the time of procuring defendant's policy the plaintiff already had, and afterwards procured, other insurance, without permission indorsed upon or added to said policy, in violation of the forfeiture clause, which provided for the avoidance of the policy in the event of other insurance without the insurer's consent.  No waiver of the forfeiture clause available to the plaintiff was shown, and the policy was therefore void by its terms.  It cannot be said that the 80 per cent. average or co-insurance clause contained in the policy constituted a waiver of the forfeiture by reason of other insurance without permission of the defendant, beyond the 80 per cent. therein mentioned; and the evidence established that the plaintiff, before procuring defendant's policy, had already obtained insurance for 175 per cent. of the cash value of his property.  The complaint was properly dismissed.

Judgment affirmed, with costs to the respondent.